BISHOP TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL AND OF THE ESTATE OF ALFRED HOCKING, DECEASED, *v.* MARY GENEVIEVE JACOBS ET AL.

No. 2537.

FILED MARCH 27, 1944.                    DECIDED APRIL 10, 1944.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* This is a petition for a rehearing in the above entitled case, reported in this volume at page 314.

The first ground alleged is in substance that the court erred in basing its opinion on the proposition that the will in question authorized the payment of attorney's fees and expenses, that being a point which had not been raised by counsel. However, the point was raised by the court and counsel were given an opportunity to argue it. This, in our opinion, complies with the provisions of section 3601, Revised Laws of Hawaii 1935, relied upon by petitioner for a rehearing.

We cannot agree with petitioner's further contention that the maxim *noscitur a sociis* applies. The testator could not have intended application of that maxim to the expression "special expenses," for its application would totally destroy instead of modify the meaning of the words

used. Had he instead used the words "other expenses" or like expression the argument that the maxim applies might be valid. Special expenses must mean the expense incurred for special services and the like—something out of the ordinary—and application of the maxim would confine the expenses payable to ordinary expense of management, care and maintenance of the trust property. This we do not believe was the intention of the testator.

The remaining ground of the petition seeks to revive and reargue the point that the argument of counsel to whom fees were ordered paid was an attack upon the trust. This point having been fully covered by the briefs and argument and having had our careful consideration, we are convinced that our conclusion was correct.

The petition for a rehearing is denied without argument.

*Robertson, Castle & Anthony* for the petition.